UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| NGA WEAVER, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | 4:07-cv-0107-SEB-WGH |
| ) | |
| TROOPER JESSE COMBS, et al., ) | |
| ) | |
| Defendants. ) | |

**Entry Discussing Motion for Judgment on the Pleadings**

One of several defendants in this civil rights action brought by Nga Weaver ("Weaver") is the Ripley County Sheriff's Department ("Sheriff's Department"). Insofar as pertinent to the claims addressed in this Entry, Weaver alleges that following her arrest at the Grand Victoria Casino on August 13, 2005, she was transported to the Ohio County Police Station, and thence to the Ripley County Jail ("Jail"), where her property was inventoried, and upon her release from the Jail money was missing from her purse. Weaver contends that an unknown employee of the Sheriff's Department took money from the area where her personal property was being stored at the Jail. She describes this as "conversion" in Count V of her complaint, and seeks punitive damages from the Sheriff's Department in County VI of her complaint. At least as to the conversion, Weaver maintains that the wrongful conduct she alleges will support a claim under both 42 U.S.C. § 1983 and Indiana state law.

The Sheriff's Department seeks resolution of Weaver's claims against it through the entry of judgment on the pleadings. Weaver has opposed the Sheriff Department's motion. Although Weaver's response includes materials outside the pleadings, the court has not considered those materials in addressing the motion for judgment on the pleadings and therefore does not convert that motion to a motion for summary judgment.  *See E.E.O.C. v. Reno,* 758 F.2d 581, 583 n.6 (11th Cir. 1985).

**Discussion**

A party is permitted under Federal Rule of Civil Procedure 12(c) to move for judgment on the pleadings after the filing of a complaint and answer. *Northern Indiana Gun & Outdoor Shows, Inc. v. City of South Bend,* 163 F.3d 449, 452 (7th Cir. 1998). The court applies the Rule 12(b) motion to dismiss standard for Rule 12(c) motions. *Id.* A complaint

is sufficient only to the extent that it "'contain[s] either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory,'" *Bell Atl. Corp. v. Twombly,* 127 S. Ct. 1955, 1969 (2007) (quoting *Car Carriers, Inc. v. Ford Motor Co.,* 745 F.2d 1101, 1106 (7th Cir. 1984)), and although the requirements of notice pleading are minimal, "[a] complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show that plaintiff is not entitled to relief." *Jones v. Bock,* 127 S. Ct. 910, 921 (2007). "If the allegations, for example, show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim . . . ." *Id.*

*Federal Claims.* Weaver's federal claim is brought pursuant to 42 U.S.C. § 1983.[1] To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988). This court has subject matter jurisdiction over this claim pursuant to 28 U.S.C. § 1331. The court has subject matter jurisdiction over the state claim, if at all, pursuant to 28 U.S.C. § 1367(a).

Section 1983 is not itself a source of substantive rights; instead, it is a means for vindicating federal rights conferred elsewhere. *Graham v. Connor,* 490 U.S. 386, 393-94 (1989) (citing *Baker v. McCollan,* 443 U.S. 137, 144 n.3 (1979)). Accordingly, the initial step in any § 1983 analysis is to identify the specific constitutional right which was allegedly violated. *Id.* at 394; *Kernats v. O'Sullivan,* 35 F.3d 1171, 1175 (7th Cir. 1994); *see also Gossmeyer v. McDonald,* 128 F.3d 481, 489-90 (7th Cir. 1997).

The Fourteenth Amendment provides that state officials shall not "deprive any person of life, liberty, or property, without due process of law," but a state tort claims act that provides a method by which a person can seek reimbursement for the negligent loss or intentional depravation of property meets the requirements of the due process clause by providing due process of law. *Hudson v. Palmer,* 468 U.S. 517, 533 (1984)("For intentional, as for negligent deprivations of property by state employees, the state's action is not complete until and unless it provides or refuses to provide a suitable post deprivation remedy."). Indiana's Tort Claims Act (IND. CODE § 34-13-3-1 *et seq.)* provides for state judicial review of property losses caused by government employees, and provides an adequate post-deprivation remedy to redress state officials' accidental or intentional deprivation of a person's property. *Wynn v. Southward,* 251 F.3d 588, 593 (7th Cir. 2001) ("Wynn has an adequate post-deprivation remedy in the Indiana Tort Claims Act, and no more process was due.").

Weaver is absolutely correct that she was entitled to constitutional protections with respect to the seizure of her property, but this means nothing more and nothing less than due process, for that is the guarantee of the Fourteenth Amendment. *Zinerman v. Burch,*

---

[1]Although Weaver has separately alleged her entitlement to punitive damages, this is not a "claim" for relief, but one aspect of the damages she seeks. The "claim" for punitive damages is not mentioned further in this Entry.

110 S. Ct. 975, 983 (1990) ("Deprivation of a constitutionally protected interest in 'life, liberty, or property' is not in itself unconstitutional; what is unconstitutional is the deprivation of such an interest without due process of law. . . . The constitutional violation actionable under § 1983 is not complete when the deprivation occurs; it is not complete unless and until the State fails to provide due process."). Weaver had an adequate post-deprivation remedy because she could have sued in state court, IND. CODE § 35-43-4-3; *Lee Tool & Mould, Ltd. v. Ft. Wayne Pools, Inc.,* 791 F.2d 605, 608-09 (7th Cir. 1986) (defining elements of conversion under Indiana law), and for this reason she does not have a federal claim for the denial of property without due process. Whether such a remedy was actually sought, and if sought whether it was successful, would not establish that Indiana's remedy is inadequate. *See Hamlin v. Vaudenberg,* 95 F.3d 580, 585 (7th Cir. 1996) (holding that post-deprivation remedy must be "meaningless or nonexistent" to be inadequate); *Easter House v. Felder,* 910 F.2d 1387, 1406 (7th Cir. 1990) (explaining that state remedy is not necessarily inadequate because it is uncertain or incomplete).

Because Weaver has an adequate state law remedy, the alleged deprivation of her property was not a constitutional violation. Therefore the federal claim associated with the alleged deprivation of money from Weaver's purse at the Jail shows that there is no plausible basis for her recovery, and under these circumstances she has pled herself out of court as to this claim by alleging facts that show there is no viable claim. *See Pugh v. Tribune Co.*, 521 F.3d 686, 699 (7th. Cir. 2008); *Vukadinovich v. Zentz,* 995 F.2d 750, 755 (7th Cir. 1993)("Moreover, even if Zentz had stolen the money, it was the type of random and unauthorized act that does not violate due process since adequate post-judicial remedies were available to Vukadinovich. Specifically, Vukadinovich could have asserted a state law claim for conversion. We hold that the court properly directed a verdict for Zentz on Vukadinovich's due process claim.")(internal citations omitted).

*State Claims.* Weaver mentions the Indiana Constitution as supporting a claim, but fails to respond to the Sheriff Department's argument that no such claim is available here. Indeed, the Indiana Supreme Court recently recognized that Indiana has no statutory provision like § 1983 that creates an explicit civil remedy for constitutional violations by individual officers or governmental entities. *See Cantrell v. Morris,* 849 N.E.2d 488, 493 (Ind. 2006).

As to the claim of negligence, the Sheriff's Department points out that the Indiana Tort Claims Act ("ITCA") governs lawsuits against political subdivisions and their employees. The Sheriff's Department maintains that Weaver failed to file a tort claims notice within 180 days of her alleged loss as is statutorily required.   The ITCA provides that a tort claim against a political subdivision is barred unless the plaintiff has filed a notice of claim with the governing body of that political subdivision and the Indiana political subdivision risk management commission within 180 days after the alleged loss occurs. IND. CODE § 34-13-3-8.

The Sheriff's Department may be correct as to this argument, but it relies on the Sheriff's affidavit (not part of any pleading) in demonstrating that Weaver did not comply with the notice provision of the ITCA. The court is not obligated to convert the motion for

judgment on the pleadings to a motion for summary judgment under these circumstances and is not inclined to do so. *See Ebea v. Black & Decker (U.S.), Inc.*, 2008 WL 1932196, at \*\*3-4 (S.D.Ind. 2008)("If G & H had intended for this court to consider its motion to dismiss as a motion for summary judgment, it should have sought this relief directly by complying with the procedural requirements for a motion for summary judgment that are set forth in Local Rule 56.1. Because G & H has not done this, the court will not convert its motion to dismiss into a motion for summary judgment and will therefore exclude from its consideration documents attached to the briefs submitted by G & H and Ebea."). Additionally, the ITCA only applies where the wrongdoing individual has acted within the scope of his or her employment, and it is not alleged that the theft of Weaver's personal property from a storage bin in the Jail occurred within the scope of the employment of such person.

Insofar as Weaver asserts a state law claim based on negligence, therefore, the motion for judgment on the pleadings is denied.

## Conclusion

Based on the foregoing, the Sheriff's Department's motion for judgment on the pleadings is **granted in part and denied in part.** The motion is granted as to the federal claims against the Ripley County Sheriff's Department, is granted as to any claim based on the Indiana Constitution, and is denied as to the pendent claim for negligence under Indiana state law. This ruling does not resolve all claims against all parties, and no partial final judgment shall issue at this time as to the claims resolved in this Entry.

**IT IS SO ORDERED.**

Date: 09/18/2008

*Sarah Evans Barker*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Donald G. Banta
INDIANA OFFICE OF THE ATTORNEY GENERAL
Donald.Banta@atg.in.gov

Lawrence E. Barbiere
SCHROEDER MAUNDRELL BARBIERE & POWERS
lbarbiere@smbplaw.com

Stephanie Lynn Cassman
LEWIS WAGNER LLP
scassman@lewiswagner.com

Thomas C. Hays
LEWIS WAGNER LLP
thays@lewiswagner.com

Jay D. Patton
SCHROEDER MAUNDRELL BARBIERE POWERS
patton@smbplaw.com

John Thomas Roy
TRAVELERS STAFF COUNSEL OFFICE
jroy@travelers.com

Cory Christian Voight INDIANA OFFICE OF THE ATTORNEY GENERAL
cory.voight@atg.in.gov

NGA WEAVER
67 Brassfield Blvd.
Shelbyville, KY 40065